```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

MASHICHIQUE EARL S.M. BURLEY     )
PONCA TRIBE OF INDIANS SUI       )
JURIS,                           )
                                 )
          Plaintiff,             )
                                 )    C.A. No. 22-10460-WGY
          v.                     )
                                 )
DISTRICT COURT OF                )
MASSACHUSETTS, et al.,           )
                                 )
          Defendants.            )
```

**ORDER**

**June 6, 2022**

YOUNG, D.J.

On April 1, 2022, *pro se* litigant Mashichique Earl S.M. Burley Ponca Tribe of Indians sui juris ("Burley") filed a civil action against the Massachusetts State District Court located in Woburn, "MK Realty Trust dba Lord Baron Apartments," and Joseph R. Leone, Esq.

Burley explicitly states in his complaint that he is asking this Court to overturn or vacate the decision of the Woburn District Court. Burley claims that, on March 25, 2022, the Woburn District Court issued a judgment "in contravention to [his] status and the Constitution for the United States of America, thus setting in motion machinations directed toward another forced unlawful removal of the Ponca by military action, as [he] [does] not consent to depart [his] domicile of over 21

years that serves as the Embassy." Compl. Ex. (Dkt. No. 1-3), at 2. He calls upon this Court "to honor [the] constitution for the United States of America and uphold [his] status and the treaty [he] Hold[s] and Vacate immediately Trial Court of Massachusetts-District Court Department-Woburn Judgement Re: Docket 2253SU000015." Id. at 3.

The docket of the state court case, the number of which Burley provides, indicates that, on February 7, 2022, MK Realty Trust commenced a summary process action in the Woburn District Court against Burley. See MK Realty Trust D/B/A Lord Baron Apartments v. Burley, 2253SU00015 (Woburn Dist. Ct., Mass.). According to this docket, MK Realty sought to evict Burley for non-payment of rent, and judgment was issued in favor of MK Realty on March 25, 2022. The docket identifies Attorney Leone as counsel for MK Realty.

The Court is without jurisdiction to provide the relief Burley seeks. Under 28 U.S.C. § 1257, the Supreme Court of the United States is the only federal court with jurisdiction to review a state court judgment. See 28 U.S.C. § 1257; see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). Thus, under the Rooker-Feldman doctrine,[1] 28 U.S.C.

---

[1] The term "Rooker-Feldman doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in District

§ 1257 prohibits a district court from exercising subject matter jurisdiction over an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment" in a lower federal court. Exxon Mobile, 544 U.S. at 291; see also id. at 292 ("The Rooker-Feldman doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, see § 1257(a)." (quoting Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 644 n.3 (2002))).

Here, Burley explicitly asks this Court to review and reject the judgments of the state court. Under the Rooker-Feldman doctrine, the Court lacks jurisdiction to do so. "[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps, 471 F.3d 220, 223 (1st Cir. 2006).

---

of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

Accordingly, the Court orders that this action be DISMISSED without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

                                           /s/ William G. Young  
                                           WILLIAM G. YOUNG  
                                           UNITED STATES DISTRICT JUDGE